**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| MYGRANT GLASS COMPANY, INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>GLASS AMERICA LLC, a Delaware limited liability company, GLASS AMERICA ILLINOIS, LLC, an Illinois limited liability company, and THE GERBER GROUP, INC., a Delaware corporation,<br><br>        Defendants. | Case No.: 1:24-cv-03093<br><br>Judge Robert Gettleman |

**JOINT STATUS REPORT**

**A.** <u>The date and time this case is set for a status report before the Court.</u>

The parties were instructed to file this Joint Status Report by June 28, 2024.

**B.** <u>The attorneys of record for each party, indicating which attorney is expected to try the case.</u>

| *Counsel for Plaintiff* | *Counsel for Defendants* |
|---|---|
| Hal Wood<br>Nikita Desai<br>Kilpatrick Townsend & Stockton LLP<br>500 West Madison Street Suite 3700<br>Chicago, Illinois 60661<br>(312) 606-3219<br>hwood@ktslaw.com<br>ndesai@ktslaw.com<br><br>Andrew S. MacKay (lead counsel)<br>Padmini Cheruvu<br>Nathan U. Desai<br>Donahue Fitzgerald LLP<br>1999 Harrison St., 26th Floor<br>Oakland, CA 94612<br>(510) 451-3300<br>amackay@donahue.com<br>pcheruvu@donahue.com<br>ndesai@donahue.com | Molly K. McKinley (lead counsel)<br>Paula E. Litt<br>Honigman LLP<br>155 N. Wacker Drive, Suite 3100<br>Chicago, IL 60606<br>(312) 701-9300<br>mmcginley@honigman.com<br>plit@honigman.com |

**C.** <u>The basis of federal jurisdiction.</u>

28 U.S.C. §§ 1332 (a) and (c): Plaintiff Mygrant Glass Company, Inc. ("Plaintiff") is a citizen of a different state from Defendants Glass America Illinois, LLC and Glass America LLC (collectively, "Glass America") and The Gerber Group, Inc. ("Gerber" and together with Glass America, "Defendants") and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**D.** <u>Whether a jury has been requested and by which party.</u>

Both Plaintiff and Defendants have demanded a jury trial.

1

**E.**     The nature of the claims asserted in the complaint and any counterclaim, including a brief statement of the factual context of the case.

Plaintiff brings this action for (1) breach of contract; (2) account stated; (3) breach of contract; and (4) unjust enrichment against Defendants. Plaintiff alleges that Defendants (1) failed to pay for products that Plaintiff duly sold to and were received by Defendants and (2) failed to give Plaintiff "first call" when it came to Defendants' purchases of the products.

This is a dispute about amounts owed under a Supply Agreement between Plaintiff and Glass America (the "Supply Agreement"), which Defendants allege has been caused by improper invoicing practices by Mygrant (the "Disputed Invoices"). Glass America brings its counterclaim for (1) breach of the Supply Agreement and (2) unjust enrichment, in the alternative. Glass America alleges that Plaintiff failed to issue rebates and credits owed to Glass Amercia under the Supply Agreement. The rebates and credits agreed to by Plaintiff and Glass America reflect the difference between the actual prices Glass America paid per part and the lower, discounted price per part agreed on by the parties.

**F.**     The relief sought by any party, including computation of damages, if available.

Plaintiff seeks damages and/or restitution, pre-and post-judgment interest, reasonable attorneys' fees, and costs and expenses.

Glass America seeks damages and/or restitution, pre-and post-judgment interest, reasonable attorneys' fees, and costs and expenses.

**G.**     The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.

All parties have been served.

2

**H.**     The principal legal issues (including the citation to any key legal authority related to such

issue).

The principal issues before the Court are as follows:

- Did the conduct and dealings of the parties give rise to a contract, the breach of which is cognizable under Illinois law?
- Are Defendants Glass America Illinois or The Gerber Group, Inc. parties to, or otherwise bound by, the Supply Agreement?
- Did the parties breach the Supply Agreement as alleged in the Complaint or the Counterclaim?
- Is the 2003 Credit Agreement applicable to the conduct alleged in the Complaint? Is each Defendant a party to or otherwise bound by the 2003 Credit Agreement alleged in the Complaint?
- Did the conduct and dealings of the parties give rise to an account stated, the breach of which is cognizable under Illinois law?
- As a result of the alleged breaches of contract and wrongful acts, was either party unjustly enriched at the expense of another party?

**I.**     The principal factual issues, including the parties' respective positions on those issues.

Plaintiff's position: Defendants failed to (1) pay for products that Plaintiff duly sold to and

were received by Defendants and (2) give Plaintiff "first call" when it came to Defendants'

purchases of the products. Regarding Glass America's claims against Plaintiff, Plaintiff performed

fully under the parties' agreement. Plaintiff timely issued rebates to Glass America in the correct

amounts.

Defendants' Position:

First, Glass America complied with the terms of the Supply Agreement. The Disputed

Invoices Plaintiff claims have not been paid are not valid because they are: (i) duplicates of

invoices that were paid; (ii) for parts that were billed and paid under different invoice numbers;

(iii) for parts never ordered or received; and/or (iv) otherwise inconsistent with the purchase order

that was submitted by Glass America. Moreover, Glass American did not violate the Supply

Agreement's "first call" provision.  It purchased products from other vendors only when Plaintiff's

3

ordering system was not functional, rendering it impossible for Glass America to purchase products from Plaintiff. Furthermore, the account stated claim in the Complaint must fail because the alleged account was never accepted because the parties never agreed on an amount owed.

Second, contrary to Plaintiff's assertion, the Supply Agreement is a contract between Plaintiff and only one of the named Defendants: Glass America. Additionally, the "Credit Agreement" referenced in the Complaint does not apply to Glass America or this dispute.

Third, Plaintiff failed to issue accurate rebates at the end of each month reflecting an agreed upon discount on the price per part for products Plaintiff sold to Glass America. This violated the Supply Agreement's terms, (or in the alternative, promises made by Plaintiff to Glass America to issue rebates) amounting in damages in excess of $5,000,000.

**J.**     <u>A brief description of all anticipated motions.</u>

Plaintiff anticipates filing a Motion for Summary Judgment or, in the alternate, a Motion for Summary Adjudication.

Defendants do not anticipate filing any motions, but will determine what dispositive motions may be appropriate as the case develops.

**K.**     <u>A proposed discovery plan pursuant to F. R. Civ. P. 26(f), including a brief description of what discovery has been taken, if any, what remains to be taken, a schedule for expert designations and discovery, and a proposed discovery cutoff.</u>

No discovery has been conducted to date. Plaintiff has requested an extension to respond to the Counterclaim, with Initial Disclosures due two weeks following that deadline. The parties plan to conduct written non-expert and expert discovery, as well as depositions of non-expert and expert witness. The parties propose the following schedule for the matter:

| Event | Deadline |
|---|---|
| Initial Disclosures | August 2, 2024 |
| Close of Fact Discovery | April 14, 2025 |
| Expert Disclosures (Initial) | May 12, 2025 |
| Expert Disclosures (Rebuttal) | June 9, 2025 |
| Close of Expert Discovery | July 11, 2025 |

**L.**    The earliest date the parties would be ready for trial and the probable length of trial.

September 8, 2025; 5-7 day trial.

**M.**    The status of any settlement discussions and whether a settlement conference would be appropriate. In this regard, counsel are directed to consider and discuss with their respective clients and each other the possibility of attempting to resolve this matter through alternative dispute resolution (ADA), and to briefly set forth the results of such consideration and discussion. For Lanham Act cases, the parties must comply fully with Local General Rule 16.3.

The parties have not had any settlement discussions to date, but are open to a mediation and/or a settlement conference. The parties would like to conduct at least some discovery, specifically a limited exchange of key documents, before any alternative dispute resolution.

**N.**    Whether the parties will consent to jurisdiction and trial before a magistrate judge.

The parties do not consent to a magistrate judge.

Date:  June 28, 2024                           Plaintiff MYGRANT GLASS COMPANY,
                                               INC.


                                               By:/s/*Nathan U. Desai*
                                               One of its attorneys


                                                                      Hal Wood
                                                                  Nikita Desai
                                        Kilpatrick Townsend & Stockton LLP
                                          500 West Madison Street Suite 3700
                                                       Chicago, Illinois 60661
                                                             (312) 606-3219
                                                        hwood@ktslaw.com
                                                        ndesai@ktslaw.com

                                          Andrew S. MacKay (*Pro Hac Vice*)
                                          Padmini Cheruvu (*Pro Hac Vice*)
                                           Nathan U. Desai (*Pro Hac Vice*)
                                               DONAHUE FITZGERALD LLP
                                                          Attorneys at Law
                                           1999 Harrison Street, 26th Floor
                                          Oakland, California 94612-3520
                                                             (510) 451-3300
                                                       (510) 451-1527 (fax)
                                                   amackay@donahue.com
                                                   pcheruvu@donahue.com
                                                     ndesai@donahue.com

Date:  June 28, 2024                           Defendants GLASS AMERICA LLC GLASS
                                               AMERICA ILLINOIS LLC; THE GERBER
                                               GROUP, INC.


                                               By:/s/*Molly K. McKinley*
                                               One of its attorneys


                                                              Molly K. McKinley
                                                                  Paula E. Litt
                                                             HONIGMAN LLP
                                             155 N. Wacker Drive, Suite 3100
                                                           Chicago, IL 60606
                                                             (312) 701-9300
                                                  mmcginley@honigman.com
                                                        plitt@honigman.com
                                                   *Counsel for Defendants*

6

**ATTESTATION**

In accordance with General Order 16-0020 Sec. IX(C), I attest that Molly K. McGinley, counsel for Defendants, has authorized me to apply her electronic signature to this Joint Status Report.


Date:  June 28, 2024                                  Plaintiff MYGRANT GLASS COMPANY, INC.



                                                      By:/s/*Nathan U. Desai*
                                                      One of its attorneys