**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| MYGRANT GLASS COMPANY, INC., a California corporation,<br><br>      Plaintiff,<br><br>v.<br><br>GLASS AMERICA LLC, a Delaware limited liability company, GLASS AMERICA ILLINOIS, LLC, an Illinois limited liability company, and THE GERBER GROUP, INC., a Delaware corporation,<br><br>      Defendants. | Case No.: 1:24-cv-03093<br><br>Honorable Robert W. Gettleman |

**PLAINTIFF AND COUNTER-DEFENDANT MYGRANT GLASS COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS**

Plaintiff and Counter-Defendant MYGRANT GLASS COMPANY, INC. ("Mygrant"), through its undersigned counsel, hereby answers the Counterclaims of Defendant and Counterclaimant GLASS AMERICA LLC (individually, "Glass America" and, collectively with Mygrant, the "Parties")) as follows:

    1.  Glass America incorporates by reference its responses to the Complaint as if fully set forth herein.

**ANSWER:**  Mygrant denies each and every allegation of Glass America's Answer and Counterclaims (ECF No. 17), except as set forth herein.

## PARTIES

2. Glass America is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 977 North Oaklawn Avenue Suite 300, Elmhurst, Illinois 60126.

**ANSWER: Upon information and belief, Mygrant admits the allegations of Paragraph 2 of the Counterclaims.**

3. Mygrant is a California corporation with its principal place of business in Hayward, California.

**ANSWER: Mygrant admits the allegations of Paragraph 3 of the Counterclaims.**

## VENUE

4. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Counter-Plaintiff is a citizen of a different state from Counter-Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER: Mygrant admits the allegations of Paragraph 4 of the Counterclaims.**

5. This Court has personal jurisdiction over the Counter-Defendant by virtue, of among other things, Counter-Defendant having availed itself of the rights and benefits of Illinois and having engaged in substantial and continuing contact with Illinois.

**ANSWER: Mygrant admits that the Court has personal jurisdiction over Mygrant with respect to Glass America's claims alleged in the Counterclaims. Except as so stated, Mygrant denies the allegations in Paragraph 5 of the Counterclaims.**

6. Venue is proper pursuant to 28 U.S.C. § 1391, as this is the judicial district in which a substantial part of the events or omissions giving rise to Counter-Plaintiff's claims occurred in this District.

**ANSWER:** Mygrant admits that venue in the instant action is proper in this judicial district. Except as so stated, Mygrant denies the allegations in Paragraph 6 of the Counterclaims.

## FACTUAL ALLEGATIONS

A. The Parties and Underlying Contract

7. Glass America is in the business of repairing and replacing auto glass.

**ANSWER**: **Upon information and belief, Mygrant admits the allegations of Paragraph 7 of the Counterclaims.**

8. Mygrant is a wholesale distributor that provided auto glass and related supplies to Glass America from June 1, 2018 to December 2023, under a contract known as the Mygrant Glass Supply Agreement (the "Supply Agreement"), a true and correct copy of which is attached as Exhibit A to Defendants' Answer and Counterclaim.

**ANSWER:** **Mygrant admits that it is a wholesale distributor that provided auto glass and related supplies to Glass America under a contract dated June 1, 2018, and known as the Mygrant Glass Supply Agreement (the "Mygrant Glass Supply Agreement"). Except as so stated, Mygrant denies the allegations of Paragraph 8 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement. In particular, Mygrant denies the portion of Paragraph 8 of the Counterclaims that alleges that a true and correct copy of the Supply Agreement is attached as Exhibit A to Defendants' Answer and Counterclaims on the basis that there are no exhibits attached to Defendants' Answer and Counterclaims (ECF No. 17).**

9. Pursuant to the Supply Agreement, Glass America agreed to purchase from Mygrant auto glass and related supply items each time Glass America needed an auto glass part, so long as Mygrant had the part in stock and could supply the part in the time-frame required by Glass America.

**ANSWER: Mygrant admits that, under the Mygrant Glass Supply Agreement, Glass America "agree[d] to provide Mygrant the 'first call' for purchases of auto glass and related supply items" and "[i]f Mygrant does not have the part available to meet [Glass America's] requirements or can not provide the part in a time-frame required by [Glass America], [Glass America] can source the part elsewhere." Except as so stated, Mygrant denies the allegations in Paragraph 9 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

10. The Supply Agreement required Mygrant to provide accurate, timely reporting of invoices and billing statements.

**ANSWER: Mygrant admits that, under the Mygrant Glass Supply Agreement, Mygrant agreed "to certify that each electronic bill/invoice submitted to [Glass America] is accurate and final for all purchases (purchases only) made during the period covered by the electronic bill/invoice" and "to invoice [Glass America] on a daily basis and provide semi-monthly invoicing as required." Except as so stated, Mygrant denies the allegations in Paragraph 10 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

11. Under the terms of the Supply Agreement, Mygrant agreed to adhere to Glass Americas' electronic billing and invoicing process. Additionally, if changes were made to Glass Americas' electronic billing and invoicing process, Mygrant agreed to make any necessary adjustments to provide the data as required.

**ANSWER: Mygrant admits that, under the Mygrant Glass Supply Agreement, Mygrant agreed to "adhere to [Glass America's] electronic billing/invoicing process" and that "[a]s changes are made, Mygrant Glass will make the necessary adjustments to provide the data as necessary." Except as so stated, Mygrant denies the allegations in Paragraph 11 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

12. The Supply Agreement required Mygrant to certify that each electronic bill or invoice was accurate and final for all purchases made during the period covered by the bill or invoice.

**ANSWER: Mygrant admits that, under the Mygrant Glass Supply Agreement, Mygrant agreed to "certify that each electronic bill/invoice submitted to [Glass America] is accurate and final for all purchases (purchases only) made during the period covered by the electronic bill/invoice." Except as so stated, Mygrant denies the allegations in Paragraph 12 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

13. The Supply Agreement obligated Mygrant to invoice Glass America for each transaction, and at the end of each month, to provide Glass America with a rebate from the actual

pricing of the goods to the agreed upon price per part. Per the Agreement, the agreed upon price per part was $60:

> Customer will be invoiced for each transaction. At the end of each month, Customer will receive a rebate from the actual pricing to the agreed upon price per part. All brands of auto glass parts will be included in the rebate calculation. During the length of this agreement, the price per part will be $60.

**ANSWER:** **Mygrant admits that the Mygrant Glass Supply Agreement contains the following language:**

> **Customer will be invoiced for each transaction. At the end of each month, Customer will receive a rebate from the actual pricing to the agreed upon price per part. All brands of auto glass parts will be included in the rebate calculation. During the length of this agreement, the price per part will be $60.**

**Except as so stated, Mygrant denies the allegations of Paragraph 13 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

14. An example provided in the Supply Agreement illustrates how rebates were to be calculated:

> Customer purchases $800,000 in auto glass during the month which is made up of 11,428 auto glass units. The ACTUAL selling price per part is $70/part. The agreed upon average price per part is $60. The customer would receive a rebate of $114,280 ($70 - $60 x 11,428)

**ANSWER:** **Mygrant admits that the Mygrant Glass Supply Agreement contains the following language:**

> **Example:**
> **Customer purchases $800,000 in auto glass during the month which is made up of 11,428 auto glass units. The ACTUAL selling price per part is $70/part. The agreed upon average price per part is $60/part. The customer would receive a rebate of $114,280 ($70 - $60 x 11,428).**

**Except as so stated, Mygrant denies the allegations of Paragraph 14 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

15. On or about June 1, 2019, Glass America and Mygrant agreed that the price per part used to calculate monthly rebates would increase to $66.

**ANSWER: Mygrant admits that the rebate calculation methodology set forth in the agreement of the Parties that was originally memorialized in the Mygrant Glass Supply Agreement was amended after the Parties entered into the Mygrant Glass Supply Agreement. Except as so stated, Mygrant at this time lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 15 of the Counterclaims and on that basis denies them.**

16. On or about July 1, 2019, Glass America and Mygrant agreed that the price per part used to calculate monthly rebates would increase to $69.

**ANSWER: Mygrant admits that the rebate calculation methodology set forth in the agreement of the Parties that was originally memorialized in the Mygrant Glass Supply Agreement was amended after the Parties entered into the Mygrant Glass Supply Agreement. Except as so stated, Mygrant at this time lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 16 of the Counterclaims and on that basis denies them.**

17. On or about October 1, 2019, Glass America and Mygrant agreed that the price per part used to calculate monthly rebates would increase to $72.

**ANSWER: Mygrant admits that the rebate calculation methodology set forth in the agreement of the Parties that was originally memorialized in the Mygrant Glass Supply Agreement was amended after the Parties entered into the Mygrant Glass Supply Agreement. Except as so stated, Mygrant at this time lacks sufficient knowledge or information to form a belief regarding the truth of the remaining allegations in Paragraph 17 of the Counterclaims and on that basis denies them.**

18. The Supply Agreement commenced on June 1, 2018 and continued until May 31, 2019. The Agreement automatically renewed for four additional years unless either party provided in writing that they desired to terminate the Agreement. If the parties never terminated the Agreement during the four-year automatic continuation period, the Agreement automatically terminated on May 31, 2023.

**ANSWER: Mygrant admits that the Mygrant Glass Supply Agreement contains the following language:**

> **Term of agreement shall commence on June 1, 2018 and shall continue to until May 31st 2019. Agreement will automatically renew for four additional years unless either party provides, in writing, their desire to terminate the agreement, 30 days prior to end of each one-year term. If not terminated by either party, the agreement shall expire on May 31, 2023.**

**Except as so stated, Mygrant denies the allegations of Paragraph 18 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

19. The Supply Agreement automatically terminated on May 31, 2023.

**ANSWER: Mygrant admits that the Mygrant Glass Supply Agreement contains the following language: "If not terminated by either party, the agreement shall expire on**

**May 31, 2023." Except as so stated, Mygrant denies the allegations in Paragraph 19 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

B.   **Mygrant's Breach of Contract**

20.   Mygrant failed to maintain or provide Glass America a monthly accounting of each month's invoices.

**ANSWER:   Mygrant denies the allegations in Paragraph 20 of the Counterclaims.**

21.   Mygrant failed to issue monthly rebates in the amounts required by the Supply Agreement.

**ANSWER:   Mygrant denies the allegations in Paragraph 21 of the Counterclaims.**

22.   As a result of the above breaches, Mygrant has failed to pay over $5,000,000 in rebates owed to Glass America per the terms of the Supply Agreement.

**ANSWER:   Paragraph 22 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Mygrant denies the allegations in Paragraph 22 of the Counterclaims.**

COUNT I: BREACH OF CONTRACT

23.   Glass America incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:   Mygrant hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.**

24.   Glass America and Mygrant are parties to the Supply Agreement, which is a valid and binding contract premised upon good and lawful consideration.

**ANSWER:** **Mygrant admits that Mygrant and Glass America entered into the Mygrant Glass Supply Agreement. Except as so stated, Mygrant denies the allegations in Paragraph 24 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

25. Glass America purchased auto glass and related supplies from Mygrant that were eligible for rebates and credits per the terms of the Supply Agreement.

**ANSWER:** **Mygrant admits that Mygrant entered into transactions with Glass America for auto glass and related supply items and that, pursuant to the Mygrant Glass Supply Agreement, Mygrant issued Glass America rebates. Except as so stated, Mygrant denies the allegations in Paragraph 25 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

26. Glass America performed all of its contractual obligations under the Supply Agreement.

**ANSWER:** **Paragraph 26 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Mygrant denies the allegations in Paragraph 26 of the Counterclaims.**

27. Mygrant has breached its obligations under the Supply Agreement by failing to issue contractually required monthly and year-end rebates to Glass America in the correct amounts.

**ANSWER**: **Paragraph 27 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Mygrant denies the allegations in Paragraph 27 of the Counterclaims.**

28. Mygrant's breach of its obligations under the Supply Agreement deprived Glass America of rebates Glass America was owed under the contract.

**ANSWER**: **Paragraph 28 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Mygrant denies the allegations in Paragraph 28 of the Counterclaims.**

29. Consequently, Glass America has been damaged by Mygrant's breach of contract in excess of $75,000.

**ANSWER**: **Paragraph 29 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Mygrant denies the allegations in Paragraph 29 of the Counterclaims.**

WHEREFORE, Mygrant respectfully requests this Court enter a judgment in its favor, in addition to costs and attorneys' fees, and any other appropriate relief permitted under the law.

### COUNT II: UNJUST ENRICHMENT

30. To the extent required, Count II is pleaded in the alternative to Count I of this Counterclaim, and Glass America incorporates the proceeding paragraphs 1-7 and 15-17 as though fully set forth herein.

**ANSWER: Mygrant hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.**

31. As a result of the wrongful acts of Mygrant, Mygrant has been unjustly enriched at the expense of Glass America. Specifically, Mygrant has retained benefits it is not entitled to in the form or rebates and credits to which it agreed to issue to Glass America.

**ANSWER**: **Paragraph 31 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Mygrant denies the allegations in Paragraph 31 of the Counterclaims.**

32. Mygrant agreed to provide Glass America with rebates and credits based on an agreed-upon price per part for auto glass purchased by Glass America.

**ANSWER:** **Mygrant admits that it has fully complied with the Mygrant Glass Supply Agreement, which contains the following language:**

> **Customer will be invoiced for each transaction. At the end of each month, Customer will receive a rebate from the actual pricing to the agreed upon price per part. All brands of auto glass parts will be included in the rebate calculation. During the length of this agreement, the price per part will be $60.**

**Except as so stated, Mygrant denies the allegations in Paragraph 32 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

33. Mygrant has failed to issue correct rebates and credit amounts to Glass America.

**ANSWER:** **Mygrant denies the allegations in Paragraph 33 of the Counterclaims.**

34. Mygrant is obligated to pay Glass America all rebates and credits it owes to Glass America that Glass America earned through the purchase of auto glass and related supplies from Mygrant.

**ANSWER:** **Paragraph 34 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Mygrant admits it has fully complied with the Mygrant Glass Supply Agreement and provided auto glass and related supplies to Glass America under the Mygrant Glass Supply Agreement, which contains the following language:**

> **Customer will be invoiced for each transaction. At the end of each month, Customer will receive a rebate from the actual pricing to the agreed upon price per part. All brands of auto glass parts will be included in the rebate calculation. During the length of this agreement, the price per part will be $60.**

**Except as so stated, Mygrant denies the allegations in Paragraph 34 of the Counterclaims, including any express or implied allegation that there has been no subsequent amendment of the Parties' agreement that was originally memorialized in the Mygrant Glass Supply Agreement.**

35. It would violate fundamental principles of justice, equity, and good conscience for Mygrant to retain and profit from the substantial amount of unpaid credits and rebates Mygrant owes Glass America.

**ANSWER**: **Paragraph 35 of the Counterclaims contains legal conclusions to which no response is required. To the extent a response is required, Mygrant denies the allegations in Paragraph 35 of the Counterclaims.**

WHEREFORE, Mygrant respectfully requests this Court enter a judgment in its favor, in addition to costs and attorneys' fees, and any other appropriate relief permitted under the law.

## AFFIRMATIVE DEFENSES

As to affirmative defenses to the Counterclaims, Mygrant, by stating the matters set forth in these defenses, does not allege or admit that it has the burden of proof or persuasion with respect to any of these matters, and does not assume the burden of proof or persuasion on any matters as to which Glass America has the burden of proof or persuasion. The following affirmative defenses are based on Mygrant's knowledge, information, and belief at this time, and Mygrant specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer. Mygrant reserves the right to assert other defenses as information is gathered through discovery and investigation.

### First Affirmative Defense

1. Glass America's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Glass America's claims are barred, in whole or in part, by the doctrine of waiver.

3. Glass America, through its acts and omissions, waived its right to seek the relief requested in its Counterclaims. Such acts and omissions include, for example, the acceptance of the rebates issued by Mygrant and the acceptance and payment of invoices from Mygrant.

### Third Affirmative Defense

4. Glass America's claims are barred, in whole or in part, by the doctrine of estoppel.

5. Glass America, through its acts and omissions, is estopped from seeking the relief requested in its Counterclaims. Such acts and omissions include, for example, the acceptance of the rebates issued by Mygrant, the acceptance and payment of invoices from Mygrant, and the assurance that Glass America would pay its past-due invoices.

### Fourth Affirmative Defense

6. Glass America's claims are barred, in whole or in part, by Glass America's failure to mitigate its damages.

7. Glass America, through its acts and omissions, failed to mitigate the damages requested in the Counterclaims. Such acts and omissions include, for example, the acceptance and payment of invoices from Mygrant and entering into additional transactions with Mygrant despite Mygrant's alleged failure to issue rebates in connection with the parties' prior transactions.

**Fifth Affirmative Defense**

8. Glass America's claims are barred, in whole or in part, by Glass America's failure to satisfy a condition precedent under the Supply Agreement.

9. Glass America, through its acts and omissions, failed to satisfy a condition precedent under the Supply Agreement. Such acts and omissions include, for example, Glass America's refusal to pay for the auto glass and related supply items that they received from Mygrant despite their obligation to do so, as alleged more fully in the Complaint (ECF No. 1).

**Sixth Affirmative Defense**

10. Glass America's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

11. Glass America, through its acts and omissions, is barred by the doctrine of accord and satisfaction from seeking the relief requested in its Counterclaims. Such acts and omissions include, for example, the acceptance of the rebates issued by Mygrant, the acceptance and payment of invoices from Mygrant, and the assurance that Glass America would pay its past-due invoices..

**Seventh Affirmative Defense**

12. Glass America's claims are barred, in whole or in part, by Glass America's breach of the implied covenant of good faith and fair dealing implied in the Supply Agreement, as in every contract.

13. Glass America, through its acts and omissions, is barred by its breach of the implied covenant of good faith and fair dealing from seeking the relief requested in its Counterclaims. Such acts and omissions include, for example, the failure to pay for the auto glass and related supply items that they received from Mygrant, as alleged in the Complaint (ECF No. 1).

**Eighth Affirmative Defense**

14. Glass America's claims are barred, in whole or in part, by Glass America's prior breach of the Supply Agreement, as alleged in the Complaint (ECF No. 1).

15. Glass America, through its acts and omissions, is barred by its prior breach of the Supply Agreement from seeking the relief requested in its Counterclaims. Such acts and omissions include, for example, the failure to pay for the auto glass and related supply items that they received from Mygrant, as alleged in the Complaint (ECF No. 1).

**Ninth Affirmative Defense**

16. Glass America's claims are barred, in whole or in part, by Glass America's prior excusal of Mygrant's performance under the Supply Agreement.

17. Glass America, through its acts and omissions, is barred by its prior excusal of Mygrant's performance under the Supply Agreement from seeking the relief requested in its Counterclaims. Such acts and omissions include, for example, the failure to pay for the auto glass and related supply items that they received from Mygrant, as alleged in the Complaint (ECF No. 1), which thereby discharged Mygrant's further performance under the Supply Agreement.

**Tenth Affirmative Defense**

18. Glass America's claims are barred, in whole or in part, by the doctrine of unclean hands.

19. Glass America, through its acts and omissions, is barred by the doctrine of unclean hands from seeking the relief requested in its Counterclaims. Such acts and omissions include, for example, the failure to pay for the auto glass and related supply items that they received from Mygrant, as alleged in the Complaint (ECF No. 1) despite its obligation to pay for such goods and the failure to pay past-due invoices despite assuring Mygrant that it would do so.

**Eleventh Affirmative Defense**

20. Glass America's claims are barred, in whole or in part, by the doctrine of setoff.

21. To the extent Glass America is entitled to damages or other relief under its Counterclaims, such damages or other relief must be offset by the damage and relief owed to Mygrant by Glass America under the Complaint (ECF No. 1.)

**Twelfth Affirmative Defense**

22. Glass America's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

23. Any damages or other relief granted to Glass America under its Counterclaims would unjustly enrich Glass America as it received, among other benefits, the auto glass and related supply parts and rebates owed to it under the Supply Agreement and therefore received the benefit of its bargain with Mygrant.

**Thirteenth Affirmative Defense**

24. Glass America's claims are barred, in whole or in part, by Mygrant's compliance with its contractual obligations.

25. Mygrant has fully complied with all obligations it owes to Glass America by, for example, providing all auto glass and related supply parts and rebates owed to Glass America, and, therefore, Glass America has no claim for relief against Mygrant.

**Fourteenth Affirmative Defense**

26. Glass America's claims are barred, in whole or in part, by the parol evidence rule.

27. Glass America's Counterclaims allege that the Supply Agreement was modified by terms that were not contained in the Supply Agreement and, to the extent Glass America argues that Mygrant is in breach of such terms, Glass America has no claim for relief against Mygrant.

**Fifteenth Affirmative Defense**

28. Glass America's claims are barred, in whole or in part, by the doctrine of public policy.

29. Glass America's Counterclaims allege claims for relief that are contrary to public policy by, for example, seeking relief against Mygrant for breach of contract even though, as alleged in the Complaint (ECF No. 1), Mygrant has performed all contractual obligations it owes to Glass America and Glass America has breached its contractual obligations to Mygrant.

**PRAYER FOR RELIEF**

Mygrant denies that Glass America is entitled to any relief whatsoever.

WHEREFORE, Mygrant prays that the Court enter a judgment in favor of Mygrant and against Glass America on each of Glass America's claims for relief alleged in its Counterclaims, compensatory damages according to proof, prejudgment and post-judgment interest according to proof, attorneys' fees and costs of this suit, and for such other relief as the Court deems just and proper.

Date: July 19, 2024                    Plaintiff MYGRANT GLASS COMPANY, INC.


By: _____/S/ Andrew S. MacKay_____
    One of its attorneys


Hal Wood
Nikita Desai
Kilpatrick Townsend & Stockton LLP
500 West Madison Street Suite 3700
Chicago, Illinois 60661
(312) 606-3219
hwood@ktslaw.com
ndesai@ktslaw.com

4865-4906-8745.5

Andrew S. MacKay *(Pro Hac Vice)*  
Padmini Cheruvu *(Pro Hac Vice)*  
Nathan U. Desai *(Pro Hac Vice)*  
DONAHUE FITZGERALD LLP  
Attorneys at Law  
1999 Harrison Street, 26th Floor  
Oakland, California 94612-3520  
(510) 451-3300  
(510) 451-1527 (fax)  
amackay@donahue.com  
pcheruvu@donahue.com  
ndesai@donahue.com  
